IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **LAUREN VESELY** § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | CAUSE NO. | |
| § | | |
| **CH WILKINSON PHYSICIAN** § | | |
| **NETWORK, CH WILKINSON** § | | |
| **PHYSICIAN NETWORK d/b/a** § | | |
| **CHRISTUS PHYSICIAN GROUP,** § | | |
| **CHRISTUS HEALTH and CHRISTUS** § | | |
| **HEALTH d/b/a CHRISTUS** § | | |
| **PHYSICIAN GROUP** § | | |
| Defendants § | **JURY TRIAL DEMANDED** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW, LAUREN VESELY,** Plaintiff in the above numbered and styled cause, and files this Plaintiff's Original Complaint complaining **of CH WILKINSON PHYSICIAN NETWORK, CH WILKINSON PHYSICIAN NETWORK d/b/a CHRISTUS PHYSICIAN GROUP, CHRISTUS HEALTH** and **CHRISTUS HEALTH d/b/a CHRISTUS PHYSICIAN GROUP**, Defendants herein, and for causes of action would respectfully show unto this Court as follows:

**I. PARTIES**

1. Plaintiff **LAUREN VESELY** ("**VESELY**") is an individual residing in San Antonio, Bexar County, Texas.

2. Defendant **CH WILKINSON PHYSICIAN NETWORK** is a not-for-profit Texas corporation. It may be served with process through its registered agent,

1

|     | Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. |
| --- | --- |
| 3.  | Defendant **CH WILKINSON PHYSICIAN NETWORK d/b/a CHRISTUS PHYSICIAN GROUP** is a not-for-profit Texas corporation doing business as CHRISTUS Physician Group. It may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. |
| 4.  | Defendant **CHRISTUS HEALTH** is a not-for-profit Texas corporation. It may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. |
| 5.  | Defendant **CHRISTUS HEALTH d/b/a CHRISTUS PHYSICIAN GROUP** is a not-for-profit Texas corporation doing business as CHRISTUS Physician Group. It may be served with process through its registered agent, Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. |

## II. JURISDICTION

6. Jurisdiction is appropriate and proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1331 because this matter is a civil action that arises under the laws of the United States. Jurisdiction is also proper pursuant to 28 U.S.C. §1343(a)(4) because Plaintiff seeks to recover damages or to secure equitable relief under Title VII, which is an Act of Congress that provides for the protection of civil rights. Jurisdiction is also appropriate under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et*

*seq.*

### III. VENUE

7. Venue is appropriate and proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because the causes of action alleged herein occurred in Corpus Christi, Nueces County, Texas.

### IV. FACTS

8. Defendants hired **VESELY** on September 7, 2015 as a full time physician assistant. She worked for the Defendants' CHRISTUS Orthopedic Trauma Group in Corpus Christi, Texas.

9. Defendants operated two orthopedic groups. The Orthopedic Trauma Group worked at Spohn Memorial Hospital and the Orthopedic General Group worked at Spohn Shoreline.

10. On June 1, 2016 **VESELY** met with David Calderon, her supervisor, to discuss the paid time off policy. During this meeting Mr. Calderon asked what **VESELY'S** husband did for a living. **VESELY** told him she has a wife, not a husband.

11. Subsequent to the June 1, 2016 meeting there were discussions during staff meetings about a planned merger of the two orthopedic groups.

12. On August 4, 2016 **VESELY** called Mr. Calderon to follow up on the June 1, 2016 meeting and changes due to the planned merger. During this conversation **VESELY** told Mr. Calderon she was concerned about the effect of the planned merger on her compensation because she was pregnant. This was the first time **VESELY** disclosed to Defendants that she was pregnant. Mr. Calderon told

3

**VESELY** that there were no planned layoffs. He also told **VESELY** that both groups would have to work together, and he would need her input.

13. On August 15, 2016 **VESELY** met with Dr. Richard Barber. Dr. Barber told **VESELY** that Horace Robb, Defendants' Vice President of Operations, recently told him that Defendants were going to terminate **VESELY**.

14. On August 16, 2016 **VESELY** attended a doctor and physician assistant staff meeting to discuss the planned merger of the two orthopedic groups. At this meeting, several doctors expressed the need for another physician assistant.

15. On August 19, 2016 **VESELY** was called to a meeting with Mr. Calderon, Sandra Garza, and Charlene Nelson. At this meeting **VESELY** was informed that she was being terminated due to a reduction in force. **VESELY** was the only employee terminated due to the reduction in force. Moreover, the EEOC's investigation uncovered that Mr. Calderon was involved in the decision to terminate **VESELY**. The offered reason for her termination is a mere pretext for discrimination.

16. The Defendants opened two orthopedic physician assistant positions at Shoreline Hospital almost simultaneously after termination of **VESELY'S** employment without giving **VESELY** due consideration for employment in any of these positions, even though Defendants indicated **VESELY** was eligible for re-hire.

17. On September 27, 2016 **VESELY** applied for Defendants' open orthopedic physician assistant position. Defendants did not give **VESELY** due consideration for employment in any of these positions even though Defendants indicated **VESELY** was eligible for re-hire.

18. On November 14, 2016 Defendants hired an individual for the orthopedic physician assistant position. On November 15, 2016, Dr. Brent Dressler told **VESELY** that he reviewed the resume of the newly hired orthopedic physician assistant and that the person did not have orthopaedic experience and had not practiced medicine in the two years since graduating. The newly hired orthopedic physician assistant was less qualified than **VESELY**. This unlawful, discriminatory action by Defendants is unsurprising since the EEOC's investigation determined that Mr. Calderon was involved in both the recruitment and hiring for the physician assistant position.

19. Defendants treated **VESELY** differently than they treated a similarly situated male orthopedic physician assistant. **VESELY'S** work production and revenue generation was better than the similarly situated male orthopedic physician assistant.

20. Defendants have not and cannot justify their decision to terminate **VESELY**.

21. Defendants have not and cannot justify their decision to not re-hire **VESELY**.

22. Defendants terminated **VESELY** because of her gender. Consequently, Defendants engaged in unlawful sex discrimination against **VESELY** on the basis of her gender.

23. Defendants refused to re-hire **VESELY** because of her gender. Consequently, Defendants engaged in unlawful sex discrimination against **VESELY** on the basis of her gender.

24. Defendants terminated **VESELY** because she was pregnant. Consequently, Defendants engaged in unlawful sex discrimination against **VESELY** on the basis of her pregnancy.

25. Defendants refused to re-hire **VESELY** because she was pregnant. Consequently, Defendants engaged in unlawful sex discrimination against **VESELY** on the basis of her pregnancy.

26. Defendants terminated **VESELY** because of her sexual orientation. Consequently, Defendants engaged in unlawful sex discrimination against **VESELY** on the basis of her sexual orientation.

27. Defendants refused to re-hire **VESELY** because of her sexual orientation. Consequently, Defendants engaged in unlawful sex discrimination against **VESELY** on the basis of her sexual orientation.

28. The timing of **VESELY'S** termination, just fifteen days after informing Defendants that she was pregnant combined with Defendants' refusal to re-hire **VESELY** is evidence of Defendants' discriminatory motives.

29. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC investigated **VESELY'S** allegations and "found reasonable cause to believe that violations of the statute(s) occurred" with respect to the matters alleged in **VESELY'S** complaint. A copy of the Determination is attached hereto as Exhibit "A" and incorporated herein by reference.

30. **VESELY** has received a Notice of Suit Rights from the EEOC. A copy is attached hereto as Exhibit "B" and incorporated herein by reference.

31. All prerequisites to the filing of this suit have been met.

## V. CAUSES OF ACTION

## GENDER DISCRIMINATION

32. Plaintiff hereby incorporates all the facts contained in §IV of this Original

Complaint as if set forth fully herein.

33. Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* by terminating **VESELY** because she is female. By terminating **VESELY** because she is female, Defendants discriminated against **VESELY** because of her gender.

34. Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* by refusing to re-hire **VESELY** because she is female. By refusing to re-hire **VESELY** because she is female, Defendants discriminated against **VESELY** because of her gender.

35. The effect of the practices complained of above has been to deprive **VESELY** of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

## PREGNANCY DISCRIMINATION

36. Plaintiff hereby incorporates all the facts contained in §IV of this Original Complaint as if set forth fully herein.

37. Defendants violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), by terminating **VESELY** because she was pregnant. By terminating **VESELY** when she was pregnant, Defendants discriminated against **VESELY** because of her sex.

38. Defendants violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), by refusing to re-hire **VESELY** because

she was pregnant. By refusing to re-hire **VESELY** when she was pregnant, Defendants discriminated against **VESELY** because of her sex.

39. The effect of the practices complained of above has been to deprive **VESELY** of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

### DISCRIMINATION BASED ON SEX

40. Plaintiff hereby incorporates all the facts contained in §IV of this Original Complaint as if set forth fully herein.

41. Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* by terminating **VESELY** because she of her sexual orientation. By terminating **VESELY** because of her sexual orientation, Defendants discriminated against **VESELY** because of her sex.

42. Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* by refusing to re-hire **VESELY** because she of her sexual orientation. By refusing to re-hire **VESELY** because of her sexual orientation, Defendants discriminated against **VESELY** because of her sex.

43. The effect of the practices complained of above has been to deprive **VESELY** of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

### VI. STATUTORY DAMAGES

44. **VESELY** has been forced to incur reasonable attorney's fees and court costs and seeks to recover for these costs pursuant to 42 U.S.C. §2000-e-5(k).

45. Additionally, **VESELY** states that Defendants engaged in the discriminatory

practices alleged with malice or reckless indifference to **VESELY'S** federally protected rights, and Defendants are liable for punitive damages pursuant to 42 U.S.C. §1981a(b).

## VII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear herein, and that after trial by jury, a judgment be entered granting Plaintiff the following:

A. Reinstatement and/or the hiring by Defendants placing Plaintiff in the position she would have occupied but for Defendants' discriminatory treatment and making her whole for all earnings she would have received had it not been for Defendants' discriminatory and tortious treatment including, but not limited to, wages, bonuses, pension and other lost benefits;

B. actual damages;

C. punitive damages;

D. pre-judgment and post-judgment interest at the maximum rate permitted by law;

E. reasonable and necessary attorney's fees in an amount to be shown to the satisfaction of the court;

F. cost of court; and

G. such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled under all attending facts and circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby requests a jury trial and tenders the required fees.

Respectfully submitted,

*/s/ Michael J. Hengst*
Michael J. Hengst
SBOT No. 00784253
2100 West Loop South, Suite 1125
Houston, Texas 77027
PHONE (832) 626-0400
FAX (832) 626-0391
m.hengst@hengstlaw.com
**ATTORNEY-IN-CHARGE FOR
PLAINTIFF LAUREN VESELY**

**OF COUNSEL:**

Andrew L. Mintz
Andrew L. Mintz, PLLC
SBOT No. 24037120
2100 West Loop South, Suite 1125
Houston, Texas 77027
PHONE (713) 859-3828
FAX (832) 626-0391
andrew@almintzlawfirm.com

**ATTORNEYS FOR PLAINTIFF
LAUREN VESELY**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Status Line: (866) 408-8075
San Antonio Direct Dial: (210) 281-2550
TTY (210) 281-7610
FAX (210) 281-2522
Website: www.eeoc.gov

EEOC Charge Number: 451-2017-00394 Amended

Ms. Lauren Vesely c/o
Michael J. Hengst, Esq.
2100 West Loop South, Suite 1125
Houston, Texas 77027

Charging Party

Christus Health
Spohn Memorial Hospital
Christus Physician Group c/o
Danya Blair, Esq.
Akerman, LLP
112 East Pecan Street, Ste. 2750
San Antonio, Texas 78205

Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue on behalf of the Commission the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. 2000e, et seq. The Respondent has employed the requisite number of employees throughout the calendar year of the alleged violation. The Charge was timely filed, and all other jurisdictional requirements have been met.

Charging Party alleged that on or about June 1, 2016 during a discussion with her supervisor David Calderon about Respondent's Paid Time Off policy, Mr. Calderon asked Charging Party what her husband did for a living. It was during this conversation that Charging Party informed Mr. Calderon that she had a wife, not a husband. Charging Party stated that this was the first time that Mr. Calderon became aware of her sexual orientation. On or around August 4, 2016 Charging Party alleged she called Mr. Calderon to follow up on their June 1st, 2016 conversation and any possible changes due to the merger because Charging informed Mr. Calderon that she was concerned because she was pregnant. This was the first time that Charging Party informed Respondent's officials of her pregnancy. Subsequently, on or around August 16, 2016, Charging Party learned Respondent decided to close Spohn Memorial Hospital (Memorial Hospital) and consolidate services at Spohn Shoreline Hospital (Shoreline Hospital). On or around August 19, 2016, Charging Party alleged she was notified by Respondent's officials including Mr. Calderon

**Exhibit A**

that she would not be transferred and would be terminated. Since her termination, Charging Party alleged that she then applied for announced, open positions in the Orthopedic Department at the Shoreline Hospital. Charging Party amended her EEOC charge (451-2017-00394) to include a failure to hire claim based on her sex, female, pregnancy and sexual orientation. The Charging Party asserted that she was discriminated against and discharged and not hired because of her sex, including sexual orientation and/or for not conforming to sex stereotypes about how women are expected to present themselves in physical appearance, actions, and behavior, in violation of Title VII of the Civil Rights Act of 1964, as amended. The Charging Party also asserted she was discharged and not hired because of her pregnancy in violation of Title VII.

The Respondent contended that Charging Party's employment was terminated as part of a non-discriminatory reduction in force. Respondent stated that Charging Party was selected for lay off because she was the last one in, therefore she would be the first one out. Respondent further stated that it was Robb Horace, Vice President of Physician Practices and not David Calderon, Regional Director Practice Operations who made the business decision to reduce staffing and ultimately approved the termination of Charging Party's employment and this decision was in no way related to Charging Party's gender, sexual orientation or her pregnancy. Respondent also denied the it discriminated against the Charging Party based on her gender, sexual orientation or her pregnancy in its decision not to hire/re-hire her.

Examination of the evidence revealed that Charging Party was successfully performing the position of Physician Assistant (PA) with Respondent. Evidence also shows that on or around June 1, 2016, Charging Party disclosed to her supervisor, Mr. Calderon that she was married to another woman. Further, approximately two months later or fifteen days before her termination, on or around August 4, 2016, Charging Party informed Mr. Calderon that she was pregnant. On August 19, 2016, Charging Party was informed that she was being "laid-off." Evidence obtained during the investigation disclosed that Charging Party was the only employee affected by the lay-off. Contrary to Respondent's assertions, the evidence shows that Mr. Calderon was involved in the decision-making process to terminate Charging Party's employment. Regarding Charging Party's alleged failure to hire, the evidence shows that Respondent opened two Orthopedic Physician Assistant positions at Shoreline Hospital almost simultaneously after termination of Charging Party's employment without giving Charging Party due consideration for employment in any of these positions, even though it indicated that Charging Party was eligible for re-hire. Charging Party's assertion that when being laid off she informed Mr. Calderon that she would be interested in any position that became available is more creditable than Mr. Calderon's claim that this information was not provided to him by Charging Party. Therefore, Respondent could have transferred Charging Party into one of these positions for which she was qualified. The evidence also shows that Mr. Calderon was involved in the recruitment and hiring of a PA candidate who was clearly less qualified than Charing Party.

Based on the information obtained during the investigation, I find Charging Party was terminated and not hired/re-hired because of her sex, female (pregnancy) and sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of

this matter. The confidentiality provisions of Title VII and EEOC's Regulations apply to information obtained during conciliation.

If the respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

9/27/19
Date

Travis G. Hicks
Field Director

EEOC Form 161-A (11/2020)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Lauren Vesely<br>1610 Alpine Pond<br>San Antonio, TX 78260 | From: | San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2017-00394 | Maribel Rosales, Investigator | (210) 640-7556 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____     March 19, 2021
Travis G. Hicks,
Director     *(Date Issued)*

Enclosures(s)

cc:    **CHRISTUS HEALTH SPOHN MEMORIAL**
c/o Danya Blair
Akerman LLP
112 E. Pecan Street, Ste. 2750
San Antonio, TX 78205

**LAUREN VESELYN**
c/o Michael J. Hengst
Rolnick & Hengst
2100 West Loop South, Ste. 1125
Houston, TX 77027

**Exhibit B**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*