**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **LAUREN VESELY** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CAUSE NO. 2:21-cv-00104** |
| | § | |
| **CH WILKINSON PHYSICIAN** | § | |
| **NETWORK d/b/a CHRISTUS** | § | |
| **PHYSICIAN GROUP** | § | |
| **Defendant** | § | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW, LAUREN VESELY,** Plaintiff in the above numbered and styled cause, and files this Plaintiff's Amended Original Complaint complaining of **CH WILKINSON PHYSICIAN NETWORK d/b/a CHRISTUS PHYSICIAN GROUP**, Defendant herein, and for causes of action would respectfully show unto this Court as follows:

### I. PARTIES

1. Plaintiff **LAUREN VESELY** ("**VESELY**") is an individual residing in San Antonio, Bexar County, Texas.

2. Defendant **CH WILKINSON PHYSICIAN NETWORK d/b/a CHRISTUS PHYSICIAN GROUP** is a not-for-profit Texas corporation doing business as CHRISTUS Physician Group.  It has agreed to be served with process through its attorney, Danya W. Blair, Akerman LLP, 112 East Pecan Street, Suite 2750, San Antonio, Texas 78205, at danya.blair@akerman.com.

## II. JURISDICTION

3.     Jurisdiction is appropriate and proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1331 because this matter is a civil action that arises under the laws of the United States. Jurisdiction is also proper pursuant to 28 U.S.C. §1343(a)(4) because Plaintiff seeks to recover damages or to secure equitable relief under Title VII, which is an Act of Congress that provides for the protection of civil rights. Jurisdiction is also appropriate under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

## III. VENUE

4.     Venue is appropriate and proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because the causes of action alleged herein occurred in Corpus Christi, Nueces County, Texas.

## IV. FACTS

5.     Defendant hired **VESELY** on September 7, 2015, as a full time physician assistant. She worked for the Defendant's CHRISTUS Orthopedic Trauma Group in Corpus Christi, Texas.

6.     Defendant operated two orthopedic groups.  The Orthopedic Trauma Group worked at Spohn Memorial Hospital and the Orthopedic General Group worked at Spohn Shoreline.

7.     On June 1, 2016, **VESELY** met with David Calderon, her supervisor, to discuss the paid time off policy.  During this meeting Mr. Calderon asked what **VESELY'S** husband did for a living.  **VESELY** told him she has a wife, not a husband.

8.      Subsequent to the June 1, 2016, meeting there were discussions during staff meetings about a planned merger of the two orthopedic groups.

9.      On August 4, 2016, **VESELY** called Mr. Calderon to follow up on the June 1, 2016, meeting and changes due to the planned merger.   During this conversation **VESELY** told Mr. Calderon she was concerned about the effect of the planned merger on her compensation because she was pregnant.  This was the first time **VESELY** disclosed to Defendant that she was pregnant.  Mr. Calderon told **VESELY** that there were no planned layoffs.  He also told **VESELY** that both groups would have to work together, and he would need her input.

10.     On August 15, 2016, **VESELY** met with Dr. Richard Barber.  Dr. Barber told **VESELY** that Horace Robb, Defendant's Vice President of Operations, recently told him that Defendant were going to terminate **VESELY**.

11.     On August 16, 2016, **VESELY** attended a doctor and physician assistant staff meeting to discuss the planned merger of the two orthopedic groups.  At this meeting, several doctors expressed the need for another physician assistant.

12.     On August 19, 2016, **VESELY** was called to a meeting with Mr. Calderon, Sandra Garza, and Charlene Nelson.  At this meeting **VESELY** was informed that she was being terminated due to a reduction in force.  **VESELY** was the only employee terminated due to the reduction in force.  Moreover, the EEOC's investigation uncovered that Mr. Calderon was involved in the decision to terminate **VESELY**. The offered reason for her termination is a mere pretext for discrimination.

13.     The Defendant opened two orthopedic physician assistant positions at Shoreline Hospital almost simultaneously after termination of **VESELY'S** employment

without giving **VESELY** due consideration for employment in any of these positions, even though Defendant indicated **VESELY** was eligible for re-hire.

14.    On September 27, 2016, **VESELY** applied for Defendant's open orthopedic physician assistant position.  Defendant did not give **VESELY** due consideration for employment in any of these positions even though Defendant indicated **VESELY** was eligible for re-hire.

15.    On November 14, 2016, Defendant hired an individual for the orthopedic physician assistant position.  On November 15, 2016, Dr. Brent Dressler told **VESELY** that he reviewed the resume of the newly hired orthopedic physician assistant and that the person did not have orthopedic experience and had not practiced medicine in the two years since graduating.  The newly hired orthopedic physician assistant was less qualified than **VESELY**. This unlawful, discriminatory action by Defendant is unsurprising since the EEOC's investigation determined that Mr. Calderon was involved in both the recruitment and hiring for the physician assistant position.

16.    Defendant treated **VESELY** differently than it treated a similarly situated male orthopedic physician assistant.   **VESELY'S** work production and revenue generation was better than the similarly situated male orthopedic physician assistant.

17.    Defendant has not and cannot justify its decision to terminate **VESELY**.

18.    Defendant has not and cannot justify its decision to not re-hire **VESELY**.

19.    Defendant terminated **VESELY** because of her gender.  Consequently, Defendant engaged in unlawful sex discrimination against **VESELY** on the basis of her gender.

20.     Defendant refused to re-hire **VESELY** because of her gender. Consequently, Defendant engaged in unlawful sex discrimination against **VESELY** on the basis of her gender.

21.     Defendant terminated **VESELY** because she was pregnant. Consequently, Defendant engaged in unlawful sex discrimination against **VESELY** on the basis of her pregnancy.

22.     Defendant refused to re-hire **VESELY** because she was pregnant. Consequently, Defendant engaged in unlawful sex discrimination against **VESELY** on the basis of her pregnancy.

23.     Defendant terminated **VESELY** because of her sexual orientation. Consequently, Defendant engaged in unlawful sex discrimination against **VESELY** on the basis of her sexual orientation.

24.     Defendant refused to re-hire **VESELY** because of her sexual orientation. Consequently, Defendant engaged in unlawful sex discrimination against **VESELY** on the basis of her sexual orientation.

25.     The timing of **VESELY'S** termination, just fifteen days after informing Defendant that she was pregnant combined with Defendant's refusal to re-hire **VESELY** is evidence of Defendant's discriminatory motives.

26.     Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC investigated **VESELY'S** allegations and "found reasonable cause to believe that violations of the statute(s) occurred" with respect to the matters alleged in **VESELY'S** complaint. A copy of the Determination is attached hereto as Exhibit "A" and incorporated herein by reference.

27.   **VESELY** has received a Notice of Suit Rights from the EEOC.  A copy is attached hereto as Exhibit "B" and incorporated herein by reference.

28.   All prerequisites to the filing of this suit have been met.

## V. CAUSES OF ACTION

### GENDER DISCRIMINATION

29.   Plaintiff hereby incorporates all the facts contained in §IV of this Original Complaint as if set forth fully herein.

30.   Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* by terminating **VESELY** because she is female.  By terminating **VESELY** because she is female, Defendant discriminated against **VESELY** because of her gender.

31.   Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* by refusing to re-hire **VESELY** because she is female.  By refusing to re-hire **VESELY** because she is female, Defendant discriminated against **VESELY** because of her gender.

32.   The effect of the practices complained of above has been to deprive **VESELY** of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

### PREGNANCY DISCRIMINATION

33.   Plaintiff hereby incorporates all the facts contained in §IV of this Original Complaint as if set forth fully herein.

34.   Defendant violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), by terminating **VESELY** because she

was pregnant.  By terminating **VESELY** when she was pregnant, Defendant discriminated against **VESELY** because of her sex.

35.   Defendant violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), by refusing to re-hire **VESELY** because she was pregnant.  By refusing to re-hire **VESELY** when she was pregnant, Defendant discriminated against **VESELY** because of her sex.

36.   The effect of the practices complained of above has been to deprive **VESELY** of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

## DISCRIMINATION BASED ON SEX

37.   Plaintiff hereby incorporates all the facts contained in §IV of this Original Complaint as if set forth fully herein.

38.   Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* by terminating **VESELY** because she of her sexual orientation.  By terminating **VESELY** because of her sexual orientation, Defendant discriminated against **VESELY** because of her sex.

39.   Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* by refusing to re-hire **VESELY** because she of her sexual orientation.  By refusing to re-hire **VESELY** because of her sexual orientation, Defendant discriminated against **VESELY** because of her sex.

40.   The effect of the practices complained of above has been to deprive **VESELY** of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

## VI. STATUTORY DAMAGES

41.    **VESELY** has been forced to incur reasonable attorney's fees and court costs and seeks to recover for these costs pursuant to 42 U.S.C. §2000-e-5(k).

42.    Additionally, **VESELY** states that Defendant engaged in the discriminatory practices alleged with malice or reckless indifference to **VESELY'S** federally protected rights, and Defendant is liable for punitive damages pursuant to 42 U.S.C. §1981a(b).

## VII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear herein, and that after trial by jury, a judgment be entered granting Plaintiff the following:

A. Reinstatement and/or the hiring by Defendant placing Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment and making her whole for all earnings she would have received had it not been for Defendant's discriminatory and tortious treatment including, but not limited to, wages, bonuses, pension and other lost benefits;

B. actual damages;

C. punitive damages;

D. pre-judgment and post-judgment interest at the maximum rate permitted by law;

E. reasonable and necessary attorney's fees in an amount to be shown to the satisfaction of the court;

F. cost of court; and

G. such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled under all attending facts and circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby requests a jury trial and tenders the required fees.

Respectfully submitted,

*/s/ Michael J. Hengst*
Michael J. Hengst
SBOT No. 00784253
2100 West Loop South, Suite 1125
Houston, Texas 77027
PHONE (832) 626-0400
FAX (832) 626-0391
m.hengst@hengstlaw.com
**ATTORNEY-IN-CHARGE FOR
PLAINTIFF LAUREN VESELY**

**OF COUNSEL:**

Andrew L. Mintz
Andrew L. Mintz, PLLC
SBOT No. 24037120
2100 West Loop South, Suite 1125
Houston, Texas 77027
PHONE (713) 859-3828
FAX (832) 626-0391
andrew@almintzlawfirm.com

**ATTORNEYS FOR PLAINTIFF
LAUREN VESELY**